# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HELEN JOYCE TURNER,**

    **Plaintiff,**

vs.                                                          Case No. 4:06cv157-SPM/WCS

**TALLAHASSEE HOUSING AUTHORITY,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis* in this civil rights action, has filed a second amended complaint.  Doc. 8.  She has been directed twice before to submit a complaint which presents factual allegations to support her claims.  Docs. 4, 7.  This most recently filed complaint is in response to those prior orders.

Plaintiff once again presents fairly broad and conclusory claims of discrimination.  Doc. 8.  Plaintiff contends that personnel from the Housing Authority act in harassing and intimidating ways towards her.  *Id.*  Plaintiff believes these actions are efforts to coerce Plaintiff to move out of her house.  *Id.*  Plaintiff contends that have issued her notices about several issues which Plaintiff asserts are not true.  Plaintiff also states that

they inspect her residence to try to find something they can use to harass her or fail some type of inspection.  *Id.*

Plaintiff, however, has not shown that she has been treated differently than any other persons.  Plaintiff does not present factual accounts of the treatment of other persons which would show that Plaintiff is being given unequal treatment.  She simply provides a few statements of alleged harassment and makes the conclusory claim that this treatment is because of her race, or because she is a woman, or because of her religion.  However, there are simply no facts connecting the allegations with the claim.  Allegations of intimidation or behavior that is viewed as harassing is simply not enough to state a claim under the Civil Rights Act or the Fair Housing Act because Plaintiff does not show that such treatment is discriminatory or different from the way others have been treated.  Discriminatory animus has not been sufficiently alleged.  *See* 42 U.S.C. § 3617; Lawrence v. Courtyards at Deerwood Ass'n, Inc., 318 F.Supp.2d 1133, 1144 (S.D. Fla. 2004), *citing* Sofarelli v. Pinellas County, 931 F.2d 718, 721-23 (11th Cir. 1991).

Plaintiff has already been given opportunities to present a viable complaint, and those opportunities should have been sufficient.  Plaintiff was provided specific direction as to the deficiencies with the prior complaints, but she has not provided the necessary information to overcome those deficiencies.  It does not appear that further chances to submit an amended complaint would be beneficial.  Therefore, it is appropriate to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2006.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**